IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOY LUCRETIA CLARK,**  Plaintiff, | : :  : |
| v. | : CIVIL ACTION NO. 25-CV-0883 |
| **DEPARTMENT OF EDUCATION,** *et al.*,  Defendants. | : : : : |

### MEMORANDUM

**MARSTON, J.**                                                                                                                             **May 29, 2025**

Plaintiff Joy Lucretia Clark initiated this civil action by filing a *pro se* Complaint against the Department of Education ("the Department") and ED Financial LLC ("ED Financial").[1] She seeks leave to proceed *in forma pauperis*. (Doc. No. 1.) For the following reasons, the Court will grant Clark leave to proceed *in forma pauperis* and dismiss her Complaint for failure to comply with the Federal Rules of Civil Procedure and for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(ii). Clark will be granted leave to file an amended complaint if she can cure the deficiencies identified by the Court.

**I.**     **FACTUAL ALLEGATIONS**

Clark claims that she was a student from 2013 to 2016 at Independence University ("Independence"), part of a now-defunct educational institution, CollegeAmerica. (Doc. No. 2 at 7.) She asserts that predatory practices used by CollegeAmerica and its parent company, Center for Excellence in Higher Education ("CEHE"), negatively affected her. (*Id.*) She alleges that

---

[1] Clark submitted a form complaint with additional documents attached, including a "To Whom It May Concern" letter addressed to the United States Department of Education. (*See* Doc. No. 2; *id.* at 7.) The Court will consider the documents together to constitute Clark's Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system. Grammar, spelling, and punctuation errors in quotes from Clark's submissions are cleaned up where necessary.

CEHE violated federal and state laws "by engaging in widespread and pervasive misrepresentations related to salaries, employment prospects, and its private loan product." (*Id*.) While at Independence, Clark was assigned to a clinical rotation site located hours from her home, where she faced discrimination and "unaddressed complaints." (*Id*.) Clark contends that "[d]espite reporting these incidents, no action was taken to rectify the situation." (*Id*.) Clark obtained educational loans to attend Independence. (*Id*. at 7, 10–12.) She alleges that her wages were garnished to collect on the student loan debt, and interest has accumulated on the loans. (*Id*. at 7.)

On January 14, 2025, the Department's Office of Federal Student Aid apparently sent an email notification to Clark stating that her federal student loans are fully discharged as part of the Department's action with respect to CEHE-operated campuses between 2006 and 2021. (*Id*. at 10–12.) According to the Department, "CEHE made pervasive and widespread substantial misrepresentations that borrowers relied on to their detriment and/or violated state consumer protection laws across its campuses." (*Id*.) The Department's notice provides that Clark "may also receive a refund for prior payments made to [the Department] on the loans that are being discharged," and that she does not need to make payments during the pending discharge. (*Id.* at 10–11.) The eligible loan from CEHE is to remain "paused in forbearance/stopped collections," and no collection efforts will be taken. (*Id*. at 11.) The notice contains a warning that "[t]his letter does not apply to any private student loans [Clark] may have. Also, this letter only applies to eligible loan(s) [she] borrowed to attend a CEHE-operated campus during the requisite time period; it does not apply to any loans [she] may have borrowed to attend any other school." (*Id*.)

In her Complaint, Clark brings claims under the Higher Education Act ("HEA"), the Federal Trade Commission Act ("FTCA"), the Civil Rights Act of 1964, and state consumer

protection laws. (*Id*. at 7.) She alleges that the events giving rise to her claims occurred between 2013 and 2016 "during [her] time in school," and "1/14/2025 Dept. of Ed. just recognized what's been the issues previously complained about." (*Id*. at 4.) She claims damages for "[h]ardship, damaged credit, abuse of process, pain, suffering, anxiety, [and] depression." (*Id*. at 5.) She also asks for the Court to order the return of her garnished wages, "equity, and interest." (*Id.*) She notes that "[t]his is currently [being reported] to [her] credit and damaging [her] credit" and that the interest has been applied to her federal student loans after receiving the Department's January 14, 2025 email. (*Id*.)

## II.  STANDARD OF REVIEW

Clark appears to be incapable of paying the filing fees to commence this action, and the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). When the litigation is in this early stage, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and considers whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant

3

"cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted). This includes compliance with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019); *see also Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (*per curiam*) ("A district court may sua sponte dismiss a complaint for failure to comply with Rule 8."). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (internal quotation omitted).

Additionally, a court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Whitenight v. Cmwlth. of Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (*per curiam*) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required.").

**III.   DISCUSSION**

As best the Court can tell, Clark raises three separate concerns related to her education at Independence. First, she claims that CEHE and its affiliates violated the HEA, the FTCA, and state law by engaging in unfair and deceptive practices, which caused her to enroll in a substandard program and take loans to fund her education. She also claims that, while a student at Independence, she endured discrimination and other treatment in violation of the Civil Rights

Act of 1964. Finally, she seeks to recover wages that were garnished to collect on her educational loans and accrued interest, and she complains of damage to her credit. For the following reasons, her Complaint fails to state a plausible claim on any of these grounds.[2]

### A. HEA and FTCA Claims

Clark claims that CEHE engaged in predatory practices that caused her to enroll at Independence and finance her education with loans, and that these actions violated the HEA, 20 U.S.C. § 1970 *et seq.*, and the FTCA, 15 U.S.C. § 45 *et seq.* (Doc. No. 2 at 7.) Clark fails to state a plausible claim under either provision.

The HEA is "a funding statute" that addresses "the pressing need to provide financial assistance to students in higher education." *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1122 (11th Cir. 2004); *Pine v. Dep't of Educ.*, No. 20-cv-0527, 2020 WL 4334885, at *5 (E.D. Pa. Jul. 28, 2020). Although some of its provisions provide a procedural framework of protections for borrowers who become subject to garnishment, it does not provide a general private right of action in the courts. *See Pine*, 2020 WL 4334885, at *5–6 (dismissing claim alleged under the HEA because "individuals do not have a private right of action under the HEA against a university or the [Department of Education]" (quoting *Alston v. Pa. State Univ.*, No. 14-cv-2480, 2015 WL 9660019, at *4 (M.D. Pa. Jun. 9, 2015))). Rather, the HEA "expressly empowers only the Secretary of Education—not debtors—with the authority to enforce the HEA

---

[2] To the extent that any of Clark's requests for relief (Doc. No. 2 at 5) could be construed as seeking injunctive relief from the Department, her lawsuit is barred under the doctrine of sovereign immunity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity bars lawsuits against the Federal Government, its agencies, and its employees sued in their official capacities, except where an express statutory waiver applies. *Id.*; *Lane v. Pena*, 518 U.S. 187, 192 (1996) (explaining that a waiver of sovereign immunity cannot be implied and must be "unequivocally expressed in statutory text"). HEA contains a limited waiver of sovereign immunity for some claims, but it contains an anti-injunction provision expressly prohibiting "attachment, injunction, garnishment, or other similar process." 20 U.S.C. § 1082(a)(2).

and rectify HEA violations." *Cliff*, 363 F.3d at 1123. Clark's claim that CEHE's alleged practices violated the HEA will thus be dismissed with prejudice.

Likewise, Congress has provided that only the Federal Trade Commission has the authority to enforce the FTCA. *See* 15 U.S.C. § 57b(a) (providing that if any person "violates any rule under this subchapter respecting unfair or deceptive acts or practices . . . then the Commission may commence a civil action against such person. . . ."). Several Courts of Appeals have held that there is no private right of action under this statute. *See Am. Airlines v. Christensen*, 967 F.2d 410, 414 (10th Cir. 1992); *Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978); *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 997 (D.C. Cir. 1973); *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973). Numerous courts in this district have reached the same conclusion. *See, e.g.*, *Pressley v. Exeter Fin. Corp*, No. 21-cv-3641, 2022 WL 2905235, at *3 (E.D. Pa. July 22, 2022); *Taggart v. GMAC Mortg., LLC*, No. 12-cv-415, 2012 WL 5929000, at *6 (E.D. Pa. Nov. 26, 2012); *Vino 100, LLC v. Smoke on the Water, LLC*, 864 F. Supp. 2d 269, 281 (E.D. Pa. 2012); *Mercy Health Sys. of Se. Pa. v. Metro. Partners Realty LLC*, No. 02-cv-1015, 2002 WL 1774060, at *2 (E.D. Pa. July 29, 2002); *Zhang v. Se. Fin. Grp., Inc.*, 980 F. Supp. 787, 796 (E.D. Pa. 1997). Accordingly, Clark's claim that CEHE's alleged deceptive practices violated her rights under the FTCA will be dismissed with prejudice.

    **B.**    **Pennsylvania UTPCPL Claim**

Clarks asserts that CEHE "engag[ed] in widespread and pervasive misrepresentations related to salaries, employment prospects, and its private loan product." (Doc. No. 2 at 7.) She claims that these tactics violated state "consumer protection laws to safeguard students against fraudulent and deceptive recruiting tactics." (*Id.*) Presumably, because Clark claims to reside in

Pennsylvania, the operative statute is Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. § 201-1 *et seq*. (*See id*.)  But again, she fails to state a plausible claim.

The UTPCPL seeks to prevent "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." *Landau v. Viridian Energy PA LLC*, 223 F. Supp. 3d 401, 415 (E.D. Pa. 2016) (quoting *Bennett v. A.T. Masterpiece Homes*, 40 A.3d 145, 151 (Pa. Super. Ct. 2012)).  To bring a claim under the UTPCPL, a plaintiff must allege: "(1) a deceptive act, meaning conduct that is likely to deceive a consumer acting reasonable under similar circumstances; (2) justifiable reliance based on the defendants' misrepresentation or deceptive conduct; and (3) an ascertainable loss caused by this justifiable reliance." *Id*. at 418 (cleaned up and internal quotations omitted).  A six-year statute of limitations applies to actions brought under the Pennsylvania UTPCPL.  *See Lesoon v. Metro Life Ins. Co.*, 898 A.2d 620, 627 (Pa. Super. Ct. 2006).

Clark fails to state a plausible UTPCPL claim.  Clark has not alleged deceptive acts or practices by the Defendants named in this action.  She specifically identifies CEHE as the source of the misrepresentations.  Accordingly, she does not state a plausible claim under the UTPCPL when she has not alleged, at a minimum, "justifiable reliance based on *the defendants*' misrepresentation or deceptive conduct." *Landau*, 223 F. Supp. 3d at 418 (emphasis added).[3]

---

[3] Even if she had included allegations against the Defendants named in this action, Clark's claim encounters other barriers.  The Department may not be sued because it is immune from suit absent a waiver, and Clark does not allege how the Department has waived immunity.  *See Mohn v. Cardona*, No. 22-cv-773, 2022 WL 1121414, at *6 (E.D. Pa. Apr. 14, 2022) (dismissing claim against Department of Education under Pennsylvania's UTPCPL for lack of subject matter jurisdiction on immunity grounds); *Lane*, 518 U.S. at 192 (a waiver of sovereign immunity cannot be implied but must be made expressly in the statutory text).  Further, it is possible that her claim of deceptive misrepresentation is barred by the statute of limitations, since Clark likely realized the harm from the alleged misrepresentations regarding "salaries, employment prospects, and its private loan product"—while she was in the program, sought employment, and paid loans.  "[T]he limitations period commences upon the plaintiff's 'actual or

The Court will accordingly dismiss this claim and permit Clark to file an amended UTPCPL claim.

C.    **Civil Rights Claim**

Clark states that while she was a student at Independence from 2013 to 2016, she was assigned to a clinical rotation site "hours away from [her] home," where she faced challenges including discrimination and "unaddressed complaints." (Doc. No. 2 at 7.) She alleges that she reported these incidents, but no action was taken. (*Id*.) Based on these allegations, she seeks to raise a claim under the Civil Rights Act of 1964.

Clark's minimally pleaded claim is fatally flawed because it is barred by the statute of limitations. Although she does not specify a provision of the Civil Rights Act under which she proceeds, the Court construes her claim under Title VI of the Act.[4] Regardless of the specific provision, however, "[i]n federal civil rights cases, courts look to the statute of limitations for personal injury actions." *Thomas v. Advance Hous., Inc.*, 475 F. App'x 405, 406 (3d Cir. 2012) (*per curiam*) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985)). In Pennsylvania, the statute of limitations for personal injury actions is two years. *Ishmael v. Sch. Dist. of Phila.*, No. 15-cv-3081, 2016 WL 5661711, at *6 (E.D. Pa. Sept. 30, 2016) (stating that the statute of limitations for claims of Title VI violations is two years, and citing *Thomas*, 475 F. App'x at

---

constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause.'" *Danysh v. Eli Lilly & Co.*, 461 F. App'x 75, 77 (3d Cir. 2012) (*per curiam*) (quoting *Gleason v. Borough of Moosic*, 15 A.3d 479, 484 (Pa. 2011)). Clark's Complaint is not clear about when she discovered the misrepresentations, but she indicates that it was prior to the January 2025 notice from the Department. (*See* Doc. No. 2 at 4 (stating that the events giving rise to her claim included "1/14/25 Dept. of Ed. just recognized what's been the issues *previously complained about*." (emphasis added)).)

[4] Title VI of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, sex, color, or national origin in federally funded programs and activities. *See* 42 U.S.C. § 2000d.

407). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when he can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) (internal quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which its action is based." *Sameric Corp. of Del., Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

Clark specifies that the alleged events supporting this claim occurred while she was a student at Independence from 2013 to 2016. (Doc. No. 2 at 4, 7.) Having alleged that she actually knew of discrimination and "unaddressed complaints" "during [her] time at Independence University," the statute of limitations for any claim arising from those events started to run at the latest, in 2016. She therefore needed to file her civil rights claim no later than 2018; Clark instead filed this action over six years after that, on February 19, 2025.[5] Her civil rights claim will accordingly be dismissed with prejudice as untimely.[6]

D.   **Garnished Wages and Credit Reporting Claims**

Clark requests the return of wages garnished to repay educational loans, and she apparently wants the interest accrued since the Department's January 2025 email to be

---

[5] In light of her claim that she knew of the alleged discriminatory actions, such that she attempted to complain about them, there are no grounds for tolling the statute of limitations under the Pennsylvania discovery rule. *See Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005) ("[T]he salient point giving rise to [ ] application [of the Pennsylvania discovery rule] is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause."). The facts as alleged do not support a reasonable basis for equitable tolling, either. *See Lloyd v. Ocean Twp.*, 857 F. App'x 61, 64 (3d Cir. 2021) ("Equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted her claims, but in the wrong forum.").

[6] Even if the statute of limitations did not bar her claim, it is not plausible for other reasons. The few vague statements in her Complaint contain no details about what occurred or to whom she reported her concerns. *See Garrett*, 938 F.3d at 94 ("[A] pleading that is so vague and ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." (internal quotation omitted)).

9

discharged or repaid.[7] (Doc. No. 2 at 5, 7.) Clark has pleaded this contention so thinly that she essentially relies on the request for relief to comprise her entire claim. Her failure to convey critical facts circumscribes the Court's ability to properly assess the legal basis for her concerns about the garnishment of her wages or how things allegedly went awry after the January 2025 email. Clark provides no specific information about the terms of the purported loan or loans, how the Defendants allegedly erred in the wage garnishment, and any process she has availed to obtain relief from the lender. It is not even clear whether the lender is a Defendant or if she obtained a "private loan product" through CEHE.[8] (*Id.*) This claim will be dismissed pursuant to Rule 8 for failure to state a plausible claim. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).

Clark also expresses that her credit has been damaged. (Doc. No. 2 at 5.) In light of her reference to the impact on her credit report, the Court will infer a claim under the Fair Credit

---

[7] Clark's Complaint does not make it clear whether she paid the interest or whether it just allegedly accrued.

[8] Without any particulars, the Court will not infer a claim under the Debt Collection Improvement Act here. *See* 31 U.S.C. § 3720D. A federal loan that is in default and where the Department has garnished wages to satisfy the debt may be subject to the Act. *Pine*, 2020 WL 4334885, at *6 & n.51 (citing 34 C.F.R. §§ 34.1-34.30). The Act, in conjunction with the HEA, authorizes the Department to garnish wages of a student loan borrower who is in default, and it includes certain procedural processes and remedies to protect the borrower. *Id*. at *6. In addition, the Court will not construe the claim as one alleged under the Fair Debt Collection Practices Act where Clark has not clearly identified the debt collector or made clear what practice is being challenged. *See id.* at *7 (explaining that, to state a claim under the Act, a plaintiff must establish that (1) he or she "is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a debt as the Act defines it, and (4) the defendant has violated a provision of the [Act] in attempting to collect the debt.")).

10

Reporting Act ("FCRA").[9]  In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).  To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-cv-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see* 15 U.S.C. § 1681s-2(b). Moreover, a consumer seeking to vindicate rights under the FCRA must clearly identify the account at issue, allege that the furnisher communicated inaccurate information to a consumer reporting agency, and indicate what the inaccurate information was.  *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019).

Clark has not alleged that she filed a notice of dispute with a credit reporting agency, that the agency notified the Defendants of the dispute, or that the Defendants failed to investigate and modify incorrect information.  *See Harris*, 2016 WL 3473347, at *6.  Nor has she alleged what information is inaccurate.  *See Pressley*, 415 F. Supp. 3d at 513.  Accordingly, Clark fails to state a plausible claim under the FCRA and the Court will dismiss it.  The Court will permit Clark to

---

[9] The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).

file amended claims concerning her garnished wages, interest, and alleged violation of the FCRA.[10]

## IV.    CONCLUSION

For these reasons, the Court will dismiss Clark's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The claims alleged against the Defendants pursuant to the HEA, the FTCA, and the Civil Rights Act of 1964, and any claims seeking injunctive relief from the Department will be dismissed with prejudice. The remaining claims will be dismissed without prejudice. The Court will permit Clark an opportunity to file an amended complaint containing claims dismissed without prejudice that addresses the defects identified above.

An appropriate Order follows.

---

[10] Clark should be aware that any amended claims may still be barred under other defenses not identified here, such as the statute of limitations and immunity. If she chooses to submit an amended complaint, it will be subject to screening under 28 U.S.C. § 1915(e)(2)(B).